UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,
vs.

REY PIZZA CORP.
d/b/a Rey's Pizza on Flagler

      Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

      Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Rey Pizza Corp. d/b/a Rey's Pizza on Flagler ("Defendant") for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

      1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

      2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

      3.    Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA and ADAAG. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Rey Pizza Corp. is a Florida for-profit corporation authorized to transact business in Florida and is the owner of Folio 01-4103-034-0010 which represents commercial real property located at 2381 West Flagler Street, Florida 33135 which is built out as a full-service restaurant.

## FACTS

6. At all times material hereto, Defendant has operated its 2381 West Flagler Street commercial property as a 24-hour pizza restaurant under the name "Rey's Pizza."

7. Defendant's Rey's Pizza restaurant on Flagler Street specializes in 24 hour service of pizza, pasta, sandwiches, deserts, and drinks. The Rey's Pizza restaurant is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Rey's Pizza restaurant which is the subject to this action is also referred to as "(pizza) restaurant," "Rey's Pizza on Flagler, or "place of public accommodation."

8. As the owner/operator of a restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private

entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

9. Due to the frequently being in the area to visit with friends, on November 5, 2021 Plaintiff went to that restaurant with the intent of dining therein.

10. While perambulating into the restaurant from the parking area, Plaintiff met barriers to access due to the fact that he uses a wheelchair for mobility. Plaintiff had occasion to visit the restroom provided within the restaurant for the general public and while in the restroom Plaintiff had difficulty in utilizing the restroom without assistance due to multiple areas of inaccessibility. Due to the non-compliant and inaccessible facilities, Plaintiff has been denied full and equal access.

11. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by Defendant.

12. While Plaintiff purchased pizza at Defendant's restaurant, he left feeling excluded, humiliated and dejected.

13. As a result of discrimination by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

14. On information and belief, as an owner of commercial property being used as a place of public accommodation and as the operator of the Rey's Pizza restaurant located therein, Defendant is aware of the need to provide equal access to individuals with disabilities. Therefore, Defendant's failure to reasonably accommodate individuals with disabilities at its restaurant is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

15. Plaintiff is and has been a customer of pizza restaurants and continues to desire to return to Defendant's Rey's Pizza restaurant as a customer and to test for compliance with the ADA and ADAAG, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the barriers to access which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff patronized Rey's Pizza on Flagler, however Plaintiff was denied adequate accommodation because (as a disabled individual who utilizes a wheelchair for mobility) when he patronized the restaurant, he encountered barriers to access. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant has discriminated, and continues to discriminate, against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its Rey's Pizza on Flagler, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at Rey's Pizza on Flagler.

23. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. Defendant's commercial property, which it operates as Rey's Pizza on Flagler, is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et.*

*seq.,* and Defendant has discriminated against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

    i.    Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (which is over 2.1%). Failure to provide accessible means of egress from the parking to the pizza restaurant due to the excessive slope of the parking lot is a violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. Section 502.4 states that parking spaces and access aisles serving them shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. Defendant is also in violation of Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

    ii.    There are permanently designated interior spaces without proper signage location, as the signage is mounted on the hinge side of the door, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

    iii.    Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles. Failure to provide pull handles on both sides of the door near

        the latch is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design.

  iv.  Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

  v.  Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the stall does not have fully wrapped bottom sink pipes, hence, proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

  vi.  Plaintiff could not use the paper towel dispenser inside the stall without assistance, as it is not mounted at the required location. As the paper towel dispenser is not mounted at the required location, this is a violation of Section 4.2.5 of the ADAAG which states that the maximum high forward reach allowed shall be 48 in (1220 mm) (see Fig. 5(a)), and the minimum low forward reach is 15 in (380 mm), and Section 308.2.1 of the 2010 ADA Standards for Accessible Design which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm)

    maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

vii. Plaintiff could not use the lavatory sink (outside the stall) without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection.  The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make its Rey's Pizza on Flagler restaurant accessible to persons with disabilities since January 28, 1992.  Defendant has failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order for Defendant to alter its commercial property and the restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Rey Pizza Corp. and requests the following relief:

 a) The Court declare that Defendant has violated the ADA;

 b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

 c) The Court enter an Order requiring Defendant to alter its commercial property and the Rey's Pizza on Flagler restaurant located therein such that all

areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 6th day of December, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*